JACK GROSS, complainant-respondent,

*v.*

RIVERVIEW FARMS, INC., defendant-appellant.

[Submitted February term, 1947. Decided May 15th, 1947.]

*Mr. Louis B. LeDuc,* for the defendant-appellant.

*Mr. David L. Horwitz,* for the complainant-respondent.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from a decree of the Court of Chancery advised by Vice-Chancellor Sooy ordering specific performance of the following real estate transaction.

Complainant through his attorney made an offer in writing to purchase a certain piece of real estate for $1,500 and enclosed his check for $150 as a down payment. The offer went on to request: "Will you be kind enough to take the matter up with the Board of Directors and if this offer is acceptable you may then use the check of $150.00 and we will make settlement within thirty days after your acceptance thereof. The balance of the purchase price will be paid in

cash." This offer was addressed to Honorable Albert R. McAllister, who was general manager and secretary of the defendant company, and by him presented to its board of directors.

The minutes of the company show that the following action was taken:

"Mr. McAllister reported the offer of Jack Gross of $1,500 for tract of land comprising approx. 40 acres on the North side of Clark's Pond, and that he had received a down payment of $150.; that the balance would be paid if the offer were approved by the Board as soon as deed could be prepared.

"After a discussion, a motion was made and carried that the offer be accepted and the proper officers of the Company were authorized to execute deed conveying title to said tract."

The general manager and secretary shortly thereafter informed the complainant or his attorney orally of the action by the company.

However, the $150 check was not cashed by the company until seven months later, and then, according to the testimony of a new president, only through inadvertence.

With the new president and board came a change of mind towards this transaction, and when complainant made tender of the balance of the purchase price and demanded his deed, the company took the position that there was no binding contract and, therefore, refused to convey.

Based upon these undisputed facts, the Vice-Chancellor concluded that the offer by the complainant, the resolution of acceptance by the company, the notification by the secretary to the complainant of such acceptance, or in lieu of such notification (assuming such was given by an unauthorized agent of the company) the use of the check by the company, constituted a "meeting of minds" of the parties sufficient to spell out a definite and enforceable contract. The Vice-Chancellor, therefore, decreed specific performance.

We have carefully examined the record and the briefs submitted and have reached the conclusion that the Vice-Chancellor was correct in his application of the law to the undisputed facts of this case. See *Hallock* v. *Commercial Insurance Co., 26 N. J. Law 268;* affirmed, *27 N. J. Law 645;*

*Restatement of Contracts,* ¶¶ *52* and *56; 17 Corp. Jur. Sec. 385* ¶ *45; 12 Am. Jur. 533* ¶ *40 ff.*

The decree is accordingly affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, MCLEAN, JJ. 14.

*For reversal*—None.